**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| **KIRK MARTIN BAGBY,** | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) |
| | )     **Civil No. 7:10-CV-038-O** |
| **RICK THALER, Director,** | ) |
| **Texas Department of Criminal Justice,** | ) |
| **Correctional Institutions Division,** | ) |
| **Respondent.** | ) |

## FINDINGS OF FACT AND RECOMMENDATION

Under the authority of 28 U.S.C. § 636(b) and Rules 8(b) and 10 of the Rules Governing

Section 2254 Proceedings for the United States District Courts, this case was referred to the

undersigned United States Magistrate Judge by Order of Reference (Docket No. 41) for hearing, if

necessary, and proposed findings of fact and recommendation for disposition.

## Factual Background

The following brief factual summary is taken from the slip opinion of the 2nd Court of Appeals

on Kirk Martin Bagby's direct appeal of the conviction that is challenged in this case.

James Hamilton, his son Kyle, and Clyde Young traveled from Durant, Oklahoma, to Wichita

Falls, Texas, to install vinyl siding. On May 29, 2007, after completing the day's work and eating

dinner, Hamilton parked his truck in the parking lot in front of the Econo Lodge Motel and the men

retired for the night to their room on the second floor. Around three o'clock in the morning, Clyde

Young woke up to go to the bathroom. He looked out the window to check the weather and saw the

two passenger-side doors to Hamilton's truck open and a man (later identified by Hamilton and Young

as Bagby) removing Hamilton's tools from inside the truck. Young yelled to Hamilton that someone

was stealing tools from the truck. Hamilton bolted from the bed and out the door in his underwear,

screaming at the perpetrator as he descended the stairs. Bagby looked up at Hamilton, scooped up some tools, and ran to his car, locking himself in just before Hamilton caught up and tried to punch out the window with his fist. Bagby started the motor, put the car in reverse, and backed over Hamilton's left leg and foot, knocking him to the pavement. Bagby then put the car in drive and eventually drove off the parking lot.[1] Young noted the license plate number. Hamilton returned to the room and called 9-1-1.

Police arrived within minutes, subsequently matched Bagby to his license plate number, and prepared a photo line-up from which Hamilton and Young were able to identify Bagby.

<u>Procedural Background</u>

Kirk Martin Bagby was arrested on a warrant on June 16, 2007 and was thereafter indicted on August 22, 2007 for the offense of robbery. The indictment charged that:

> "....KIRK MARTIN BAGBY, hereinafter called defendant, on or about the 30th day of May, A.D. 2007, in said county and state did then and there unlawfully, while in the course of committing theft of property and with intent to obtain and maintain control of said property, intentionally or knowingly <u>threaten and place James Hamilton in fear of imminent bodily injury and death, by attempting to run over said James Hamilton with an automobile the defendant was driving.</u>"[2] (emphasis supplied).

On December 11, 2008, in the 30th District Court of Wichita County, Texas, Kirk Martin Bagby (Bagby) was convicted by a jury of the offense of robbery and on February 1, 2010, he was sentenced by the trial court to a term of seven (7) years imprisonment. Bagby filed a direct appeal of his conviction and sentence to the 2nd Court of Appeals of Texas which on March 5, 2009, issued

---

[1]     It was during this interval (between the putting of the car in drive and the vehicle leaving the parking lot) that the actions and perceptions of the parties to the events during this encounter give rise to the core of the dispute in this habeas corpus case.

[2]     Indictment, State Record, p. 185.

an opinion that affirmed his conviction and sentence. On June 10, 2009, the Texas Court of Criminal Appeals refused Bagby's petition for discretionary review. Bagby did not petition the United States Supreme Court for a writ of *certiorari*.

On October 26, 2009, Bagby filed in the state court his first application for writ of habeas corpus challenging his conviction. On January 6, 2010, the Texas Court of Criminal Appeals denied relief on his first application. Then on February 1, 2010, Bagby filed a second application for writ of habeas corpus challenging his robbery conviction. On March 24, 2010, under the authority of Article 11.07, §4(a) of the Texas Code of Criminal Procedure, the Texas Court of Criminal Appeals dismissed this second habeas application as being "subsequent." Then, on March 24, 2010 Bagby timely filed this his first federal petition for writ of habeas corpus.

### Petitioner's Alleged Grounds

By his federal petition (Docket No.1) supplemented by his forty-five page brief/memorandum (Docket No.2), Bagby asserts three (3) basic grounds for relief; to wit, trial court error, ineffectiveness of trial counsel and ineffectiveness of appellate counsel. Those claims are best grouped for analysis and discussion as follows:

1. Ineffectiveness of Trial Counsel: (a) For rejecting Bagby's specific and express request to submit a "lesser included offense" jury instruction, thereby negligently adopting a defective defense strategy (b) for failing to challenge the sufficiency of the indictment because it did not name (or identify) the property allegedly stolen and because it charged the offense of "robbery" instead of "theft"; and, (c) for failing to "do a full and fair investigation" and "failing to file a motion for discovery" that would have revealed that there was no written documentation of the existence or

scope of the victim's alleged injuries thereby impeaching the victim's wife's photos that were admitted into evidence.

2.    Ineffectiveness of Appellate Counsel: (a) For failing to obtain a hearing on the ineffectiveness of trial counsel; and, (b) for failing to obtain a hearing on Bagby's Motion for New Trial.

3.    Insufficiency of the Evidence: (a) The investigating officer did not obtain any medical records of the victim's alleged injuries and none were introduced at the trial (b) the testimony of the victim, James Hamilton, conflicted with the testimony of another witness; and, (c) the evidence was insufficient to support the jury finding of guilt of the offense of robbery.

## **State Response**

The state's response to Bagby's claims is that his ineffectiveness of counsel claims (as to both trial and appellate counsel) are unexhausted and/or procedurally defaulted; that his defective indictment claim is procedurally barred; that his trial counsel was not ineffective for not having requested a lesser included offense instruction nor was he prejudiced thereby; and, that the evidence was legally and factually sufficient to support Bagby's conviction for robbery.

## **Analysis**

### Exhaustion Requirement

As the state rightly observes in its response, "The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In order to satisfy the exhaustion requirement, a claim must be presented to the

highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state of Texas. *Richardson*, 762 F.2d at 431. To proceed before that court, a petitioner must either file a petition for discretionary review, Texas Rule of Appellate Procedure 68.1, or an application for a post-conviction writ of habeas corpus. Texas Code of Criminal Procedure Article 11.07 (Vernon 1977 and Vernon Supp. 1998)."

"Moreover, all of the grounds raised in a federal application for writ of habeas corpus must have been 'fairly presented' to the state courts prior to being presented to the federal courts." *Picard v. Conner*, 404 U.S. 270, 275 (1971). In other words, in order for a claim to be exhausted, the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his assertions. *Id*. at 275-77. "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

While the Texas Court of Criminal Appeals has made clear that a state habeas petition is the preferred vehicle for developing ineffectiveness claims, such claims may be raised on direct appeal without the benefit of a motion for new trial. *Ibarra v. Thaler*, 687 F. 3d 222 (5th Cir. 2012) citing *Robinson v. State*, 16 S. W. 3d 808 (Tex. Crim. App. 2000). As a result, both Texas intermediate courts and the Texas Court of Criminal Appeals sometimes reach the merits of ineffectiveness claims on direct appeal. *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App.1999) and *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

<u>"Lesser Included Offense" Claim</u>

On his direct appeal, Bagby clearly and forcefully presented the issue of the ineffectiveness of his trial counsel in failing to request a theft instruction as a "lesser included offense" that would

have permitted to jury to consider whether Bagby committed only the offense of theft, rather than robbery.[3] Bagby argued that absent that instruction, the jury was forced to chose between finding that he committed the offense of robbery or else turning him loose by acquitting him. The Court of Appeals, observing that Bagby had not challenged the effectiveness of his counsel in his motion for new trial and that there was no evidence in the record reflecting that Bagby's trial counsel had made a strategic decision to forego requesting such an instruction, nonetheless found no error was committed and affirmed.[4] Thereafter, the Court of Criminal Appeals refused Bagby's application for discretionary review.[5] Under 28 U.S.C. § 2254(d), the availability of federal habeas relief is limited with respect to claims previously "adjudicated on the merits" in state-court proceedings. If the state court denies the claim on the merits, the claim is barred in federal court unless one of the exceptions to § 2254(d) set out in §§ 2254(d)(1) and (2) applies. The written decision of the Court of Appeals reflects that the Court expressly discussed the merits of Bagby's ineffectiveness of counsel claim and found no error. Thus, it appears that the Court of Appeals' decision on this issue was a ruling on the merits. The Court of Criminal Appeal's denial of Bagby's request for discretionary review made that decision the final decision of the state's highest court. Accordingly, I find that this claim, fairly presented to the state's highest court, has been exhausted at the state level and is, thereby cognizable by this court.

<u>Merits of Lesser Included Offense Claim</u>

In *Alexander v. McCotter*,[6] the Fifth Circuit addressed the issue of the failure the trial court to submit the lesser included offense instruction in a non-capital case by stating, "In a line of cases

---

[3]      Appellant's Brief on Direct Appeal, State Record, pp. 405-417.

[4]      State Record on Direct Appeal, State Record, p. 445.

[5]      State Record, pp. 476-77.

[6]      775 F.2d 595 (5th Cir. 1985).

dating back to 1970, this Circuit has consistently held that the failure of the state trial judge to instruct a jury on a lesser included offense is not a federal constitutional matter. See *Easter v. Estelle*, 609 F.2d 756, 758 (5th Cir. 1980) (and cases cited therein); *Higgins v. Wainwright*, 424 F.2d 177, 178 (5th Cir.), *cert. denied*, 400 U.S. 905 (1970)." Then distinguishing a prior conflicting line of cases stated, "We are inclined to the view that the *Easter* line of cases which hold that a lesser included offense instruction is not a federal constitutional matter in non-capital cases survives the Bell decision...."[7] This *Alexander* holding continues in this circuit.[8] This line of cases addressed the trial court's failure to submit the issue where it had been raised by the evidence and requested by counsel for the defendant or by counsel for the state, rather than the failure of defendant's counsel to make such a request where raised by the evidence.

As to the alleged deficiency of counsel in failing to request the submission of the "lesser included offense" instruction, recently in *Gonzales v. Dretke*, 2006 U.S. Dist. LEXIS 3736 (N.D. Tex. 2006, M. J. Stickney) adopted 2006 U. S. Dist. LEXIS 8309 (J. Sanders) the Court stated,

> "Petitioner argues his counsel was deficient for failing to request a jury instruction for a lesser included offense. It is well settled, however, that in non-capital cases, the failure to provide a jury instruction on a lesser included offense does not raise a federal constitutional issue"[9]

However, in another recent case in this district,[10] the Fifth Circuit Court of Appeals affirmed the decision of the Honorable John McBride granting the Petitioner's application for writ of habeas corpus because he expressly found that trial counsel's performance was deficient under *Strickland* for, among other deficiencies, having failed to request the state trial court to submit a lesser included offense

---

[7]    *Id*. at p.601.

[8]    *Creel v. Johnson*, 162 F. 3d 385, 390 (5th Cir. 1998); *Valles v. Lynaugh*, 835 F. 2d 126, 127 (5th Cir. 1988); *Jolley v. Thaler*, 2010 U. S. Dist. LEXIS 69596, p. 18 (N. D. Tex., 2010, MJ. Ramirez, Adopted 2010 U. S. Dist. LEXIS 69612).

[9]    p. 11, citing *Creel v. Johnson, supra*.

[10]    *Richards v. Quarterman*, 566 F. 3d 553 (5th Cir. 2009).

instruction to the jury. Therefore, it appears that such a failure on the part of trial counsel may rise to the level of a constitutional violation of the right to effective assistance of counsel, depending upon the facts and circumstances for each individual case.

Standards for Merit Review

Before embarking on a review of the particular facts and circumstances of Bagby's trial, in so far as they reflect upon the absence of a "lesser included offense" instruction, the court is instructed to give due deference to all findings of fact by the state courts. *Nobles v. Johnson*, 127 F.3d 409 (5th Cir. 1997). 28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings. *Id.* at 419 citing 28 U.S.C. § 2254(b) and (c). Determinations of questions of fact by the state court are "presumed to be correct ... and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir.2000) (quoting 28 U.S.C. § 2254(d)(2)), *cert. denied*, 532 U.S. 1039 (2001).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Nobles*, *supra* at 420. The doctrine of procedural default requires a federal habeas court to refuse review of all claims which are found to have been defaulted in state court pursuant to "an independent and adequate state procedural rule," unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991); *Bousley v. United States*, 523 U.S. 614, 622 (1998). "The doctrine presumes that a state procedural ground is adequate and independent -- the rule must, for instance, be regularly followed -- and, ordinarily, the burden is on the habeas petitioner to demonstrate otherwise." *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). A state procedural ground is

"independent" if the last reasoned state court opinion clearly and expressly indicates that its decision is independent of federal law, *Reed v. Scott*, 70 F.3d 844, 846 (5th Cir. 1991), and "the adequacy" of a state procedural rule depends on whether it is strictly or regularly followed by the state courts."*Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998). A state court's reliance on a procedural default to dismiss a claim is an "independent and adequate state ground which bars federal habeas review," even if the state court addresses the merits of the claim in the alternative. *Sawyers v. Collins*, 986 F.2d 1493, 1499 (5th Cir. 1993). See *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding.").

As previously noted, § 2254(d)(1) "provides the standard of review for questions of law and mixed questions of law and fact." *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002). "A state-court decision is contrary to ' . . . clearly established [Supreme Court] precedents if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it confronts a set of facts that are materially indistinguishable from a decision of the [Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)). This standard does not require that the state court cite to Supreme Court cases "-- indeed, it does not even require awareness of the Supreme Court cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, *supra* at 8. A state court decision is an "unreasonable application" of clearly established Supreme Court law "under § 2254(d)(1) if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of a particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002)(citing *Williams v. Taylor*, 529 U.S. at 407-408). "The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and the Supreme Court stressed in *Williams* that an unreasonable application is different from an incorrect one." *Id.* (citing *Williams v. Taylor*, 529 U.S. at 409-410). "Distinguishing between an unreasonable and an incorrect application of federal law, the Supreme

Court has clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793 (2001) (citing *Williams v. Taylor*, at 410-411). See *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) (holding that the "unreasonable application" clause "authorizes federal court intervention only when a state-court decision is objectively unreasonable").

"A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied a Supreme Court case incorrectly." *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, *supra*, at 24–25) and citing *Bell v. Cone*, *supra* at 699. "Rather, under the 'unreasonable application' standard, 'the only question for a federal habeas court is whether the state court's determination is objectively unreasonable.'" *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002), *cert. denied, sub nom*, *Neal v. Epps*, 537 U.S. 1104 (2003). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, *supra* at 641 (quoting *Woodford*, 537 U.S. at 24–25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir.2006).

An examination of the decision of the Court of Appeals in Bagby's case reveals that the court made no finding at all on the critical issue raised by Bagby's appellate counsel. It did not find that trial counsel was or was not deficient by failing (or wrongly deciding) not to request submission of the instruction. It expressly refused to decide whether Bagby's trial counsel made a strategic decision not to request the instruction. It did not decide that the issue was procedurally barred due to Bagby's failure to raise it in his motion for new trial. The Court of Appeals simply dodged these issues. While recognizing that Bagby had not been afforded a hearing or other opportunity to present evidence of his counsel's failure, the court merely observed, "This case demonstrates the 'inadequacies inherent in evaluating ineffective assistance claims on direct appeal.'" But it then proceeded to determine that Bagby had failed to prove the facts of his counsel's representational deficiency even though there was

no state procedural vehicle afforded in the direct appeal process whereby Bagby could make such proof. Under these circumstances, there were no "fact findings" or "rulings of law" or "mixed rulings of law and fact" to which this court must necessarily give deference. Accordingly, this court may proceed to give the issue *de novo* review.

<u>Merits Review of State Court Decision</u>

While the failure of the trial court to submit a lesser included offense instruction when adequately raised by the evidence might have been trial court error if it had been requested, and while the failure of counsel to request the submission of a lesser included offense instruction might have constituted ineffective assistance of counsel under different factual circumstances, a review of the record of the trial in this case clearly reflects that Bagby's trial counsel did make a strategic choice not to request the submission of the lesser included offense instruction, electing instead to force the jury to elect between "robbery" or "release." Bagby alleges as much in his application asserting, "I ask counsel to ask for the less included offence he told me he was not going to..."[11]

The thrust of the state's case in chief was to demonstrate that Bagby put Hamilton into fear of imminent injury by attempting to run over him with his car. The indictment so expressly charges.[12] In her opening statement, state's counsel described the anticipated testimony that would establish that:

> " In the meantime, the Defendant starts his car and runs over the leg and foot area of James Hamilton knocking him down. Then he proceeds to put it in drive and aims in the direction of the victim. In the meantime, his friend Clyde Young is saying get out of the way, I think he's gonna run over you. So at that moment James Hamilton jumps out of the way or rolls out of the way to prevent the Defendant from running over him."[13]

During the testimony of the first witness, Clyde Young, the state's attorney elicited the following testimony:

"Q. Okay. And did the–did the person that stole the tools stop driving the vehicle, put

_____

[11]     Brief/Memorandum in Support of Application, Docket No. 2, p. 10.

[12]     Indictment, State Record, p. 185-86.

[13]     Trial Transcript, p. 20, State Record, pp. 88.

11

it in park or anything?

A.  No.  it looked like he was trying to get it into forward- -

Q.  Un-huh.

A. – and it looked like he straightened up his wheels like he was gonna come back at James.  And I was yelling at James to get up off the ground 'cause I thought he was coming back.  But James jumped up and he took off in the other direction."

Thereafter, state's counsel elicited this testimony from the victim James Hamilton:

"A.  I ran up to the window and I attempted to punch the window out on the driver's side where he was sitting.  I was unsuccessful.  He put it into reverse and punched the gas and consequently run over me taking me to the ground,  He then put it back into drive which I was not familiar with, and Clyde Young, who had already made it down behind me, he explained that he's coming back at you, James, move.  So I jumped to my feet as he was coming back at me..."[14]

In the face of the narrow factual allegation of indictment as to the manner and means of placing Hamilton in fear and in the face of these witnesses' testimony, I find that the trial court record clearly shows that Bagby's trial counsel made a defensive strategic decision not to ask for a lesser included offense instruction.

During the course of the trial defense counsel pointedly cross-examined the state's witnesses on the issue of the sequence of Bagby's operation of his car, the direction that Bagby's car traveled and the direction toward which the car's tires were pointed while he was attempting to flee from the parking lot. To witness Young on cross-examination he asked:

"Q.  Okay. So I think Ms. O'Brien asked you this question, but I'm not really clear on it.  At any point did he put it in drive and head back toward James?

A.  No, He just straightened his wheels up, looked like he was coming back to James, but James was getting up off the ground.  And then he turned his wheels and went the other way.

Q.  Well, I guess what I'm getting at is at any point did he put his car in gear- -

A. _____

Q.  - -and drive towards where James was?

A.  No.

Q.  I mean, trying to run over him?

A.  No."[15]

To witness Hamilton on cross-examination he asked:

---

[14]     Trial Transcript p. 57, State Record, p. 97.

[15]     Trial Transcript pp. 48-49, State Record, p. 95.

"Q. Okay. now then, after it backed up, okay - -

A. (Nodding head up and down).

Q. - -now, are you telling us that he started forward again?

A. Yes, sir.

Q. And came back to this same position?

A. Not all the way back into that position, but close enough because when he knocked me over, I was laying on the ground.

Q. No, I understand that. Okay. But you're telling this - - this jury here that he backed up and started forward again.

A. Yes, sir.

Q. And moved his car forward towards you?

A. Towards me, yes, sir.

Q. Then he backs up as second time?

A. Yes sir. And on the second time when he backed up he made it..."[16]

Then, in the very opening of his argument to the jury, defense counsel stated, "Understand that this is not a theft case. It is a robbery case."[17] Then he proceeded to outline the requisites of the court's charge on the issue of the facts constituting the offense of robbery, repeatedly highlighting the state's burden of proof and the stressing the weakness of evidence of any intent by Bagby to put the victim in fear of injury by "pointing his car" at him when he drove out of the parking lot, saying:

"So you have a very specific set of facts that you must find in order to find the Defendant guilty. Because you see, if you do not believe or if you have a reasonable doubt that Kirk Bagby was attempting to run over James with his car, then you must find the Defendant not guilty."[18]

Then as he closed his argument, counsel stated,

"And in order to convict this Defendant, you must find from the evidence that he was attempting to run over James Hamilton. And if you don't believe that or if you have a reasonable doubt about that, you must find the Defendant not guilty."[19]

## Ineffectiveness of Counsel Review Standard

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When a convicted defendant seeks relief on the ground of ineffective assistance of counsel, he

---

[16]    Trial Transcript pp. 92-93, State Record, p. 106.

[17]    Defense Counsel Argument, Transcript p.183, State Record, p.129.

[18]    *Id*. p.189, State Record, p.130.

[19]    *Id*. p.192, State Record, p.131.

must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, at 687-91 & 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight. Rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. A court reviewing an ineffectiveness claim need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim. *Strickland*, at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

*Strickland* requires a defendant to establish deficient performance and prejudice. Bagby can establish neither. Bagby has not shown "that counsel's representation fell below an objective standard of reasonableness" *Strickland*, at 687-688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, at 688. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689 "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id*. at 690; *Knowles v. Mirzayance*, 556 U. S. 111, 124 (2009). When the court's review is governed by AEDPA—as is the case here—the review of the state court's resolution of the ineffective-assistance-of-counsel claim is "doubly deferential", since the question is "whether the state court's application of the Strickland standard was unreasonable." *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011). Importantly, "[t]his is different from asking whether defense counsel's performance fell below *Strickland's* standard," because the "state court must be granted a deference and latitude that are not in operation when the case involves

review under the *Strickland* standard itself." *Id*. Consequently, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786. Rather, in order to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

In the light of the recited record before the trial court I cannot find that this strategic choice made by Bagby's trial counsel was wrong or that in making this strategic decision he failed to live up to the *Strickland* standard.  See *Shanklin v. Thaler*, 422 Fed. Appx. 319; 2011 U. S. App. LEXIS 7874 (*cert. denied*). I find that because Bagby must demonstrate deficient performance and prejudice therefrom, and in fact has done neither, the state court's treatment of Bagby's ineffective assistance of counsel complaint was not contrary to, and did not involve an unreasonable application of, *Strickland*. Affording the actions of counsel and the state trial courts due deference, Bagby has failed to establish that his counsel acted in violation of the *Strickland* standards. He is not entitled to relief on his ineffective assistance of trial counsel claim.

<u>"Insufficient Investigation" and "Defective Indictment Claims</u>

Neither on his direct appeal nor in his state motions for habeas corpus did Bagby raise any issue of whether his trial counsel should have challenged the indictment or that he failed to adequately investigate a medical report concerning the victim's injuries.   In *Muniz v. Johnson*, 132 F. 3d 214, 221 (5th Cir. 1998) the Court stated, "Texas law also requires habeas petitioners to present all of their state habeas claims in their <u>first</u> petition. See Tex.Code Crim. Proc. Ann. art. 11.071, § 5(a) (Vernon Supp.1998). Absent facts giving rise to one of the statutory exceptions, the Texas Court of Criminal Appeals will not entertain a new issue in a successive habeas petition. See *Ex parte Davis*, 947 S.W.2d 216, 221 (Tex.Crim.App.1996).

In his first state application for habeas corpus after the conviction,[20] Bagby, while asserting his factual innocence of theft or robbery, raised a hodge-podge of claims including a non-specific claim of ineffective assistance of counsel, claims of white-on-black assault, racially discriminatory investigation and prosecution, prosecutorial conspiracy, and lack of evidence. He did not expressly or by implication challenge the sufficiency of the indictment or any failure of investigation by his trial counsel. Without a hearing, the trial court recommended denial and it was denied by the Court of Criminal Appeals without written order.[21]

In his second state application for habeas corpus after conviction,[22] Bagby challenged the sufficiency of the indictment for not including an identification of the property taken and failing to consider whether the victim had been injured; raised the claim of ineffectiveness of his trial counsel in not seeking to quash the indictment, in not securing an examining trial, and failing to object to the admission of photographs of the victims alleged injury; claimed deficient investigation by the police; and finally, asserted the insufficiency of the evidence to support the conviction due to conflicting testimony of witnesses. Invoking the state of Texas "abuse-of-the -writ" procedural bar provided in Texas Code of Criminal Procedure, Article 11.07, §4(a)-(c), the Court of Criminal Appeals dismissed this second application without hearing as a <u>subsequent application</u>.[23]

Tex. Code Crim. Proc. Ann. art. 11.07 § 4(a) provides that "[i]f a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that" (1) the current claims could not have been raised previously because the factual or legal basis for the claim was unavailable when the original application was filed; or (2) by a preponderance of the evidence, no rational juror could

---

[20]   Filed 10-26-09 and assigned cause no. 61,220-06, State Record, pp. 478-494.

[21]   On January 6, 2010, State Record, p. 479.

[22]   Filed 2-1-10 and assigned cause no. 61,220-07, State Record, pp. 513-546.

[23]   State Record, p. 514.

have found the applicant guilty beyond a reasonable doubt but for a violation of the Constitution. The Texas abuse-of-the-writ doctrine is an "independent and adequate" state procedural rule. See *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.1995) (holding that the Texas Court of Criminal Appeals has strictly and regularly denied state habeas applications for abuse of the writ since 1994). Recently, the Fifth Circuit has held art. 11.07 to be an adequate state procedural bar, finding that this rule is strictly and regularly enforced in these circumstances by the Texas Court of Criminal Appeals. *Nobles , supra* at 423. "Texas' abuse of the writ doctrine is a valid state procedural bar foreclosing federal habeas review." *Coleman v. Quarterman*, 456 F.3d 537, 542 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007); *Moore v. Quarterman*, 534 F.3d 454, 463 (5th Cir. 2008). Since Bagby did not raise the instant allegations in his first application to be considered on the merits, these claims are procedurally barred at the state level.

Under the federal procedural-default doctrine, federal courts are precluded from granting habeas relief where the last state court to consider the claims raised by the petitioner expressly and unambiguously based its denial of relief on an independent and adequate state-law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). When a state court explicitly relies on a procedural bar as it did here, Bagby may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice. *Coleman*, *supra* at 750; *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977). A petitioner, like Bagby, who fails to satisfy the cause-and-prejudice standard may nonetheless be entitled to federal habeas relief if he can show that the imposition of the procedural bar would constitute a miscarriage of justice – i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). My review of the trial court record and transcript does not convince me that no rational juror could have found Bagby guilty of the robbery offense charged. Indeed, I find that the evidence adduced at trial was more than sufficient to convince a juror that Bagby did attempt to "run over" the victim Hamilton with his car as he attempted to escape from the parking lot with the stolen property in his car. These two claims are unexhausted and are, therefor, not cognizable by this

court. Accordingly, I find that Bagby is not entitled to relief on these two claims.

## Ineffectiveness of Appellate Counsel

Bagby complains that his appellate counsel failed him because he did not secure a plenary hearing before the Court of Appeals and failed to obtain a hearing on his motion for new trial. An accused is constitutionally entitled to effective assistance of counsel on direct appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387 (1985). Claims of ineffective assistance of counsel are determined by the same standard set forth in *Strickland*. Because an appellate counsel is not required to raise every non-frivolous claim on appeal, but may select from among them in order to maximize the likelihood of success on appeal, it is difficult to demonstrate the incompetency of counsel when a brief on the merits is filed. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). The presumption of competency is overcome "'only when ignored issues are clearly stronger than those presented.'" *Id*. (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Petitioner must also demonstrate prejudice, that is, he must show a reasonable probability that, but for his counsel's failure to file claims on the ignored issues, he would have prevailed on his appeal. *Id*. at 286. Neither of these claims were raised by Bagby in either of his state habeas corpus applications. Accordingly, they are procedurally barred.

Even if not procedurally barred, in Texas direct appeals are always on the record of proceedings in the trial court and there is no occasion for taking testimony at the court of appeals level. Accordingly, Bagby's appellate counsel cannot be faulted to not seeking a procedure that was not reasonably available. Similarly, plenary hearing of a Motion for New Trial is not mandated by the Texas Code of Criminal Procedure. The two grounds asserted in Bagby's motion for new trial, to-wit: 1. that the verdict was contrary to the law and the evidence, and 2. that reversal was in the interest of justice, required no presentation of additional evidence. They each were each determinable by the trial court from the trial court proceedings of which the trial judge had full knowledge. Therefore, no plenary hearing was necessary to the trial court's determination of the motion. Appellate counsel was not ineffective for having failed to request such a hearing of the issues raised by said motion for new trial. For these reasons, I find that Bagby is not entitled to relief on either of these two grounds.

<u>Sufficiency of the Evidence</u>

Bagby complains that the evidence is factually and legally insufficient to support his conviction. "Factual insufficiency" was strictly a creation of Texas state law under which an appellate court examines the fact-finder's weighing of the evidence.[24]  Because this is strictly a state-law rule, it plays no part in a federal habeas court's evaluation of evidentiary sufficiency.[25]  "'A federal habeas court grants relief when the petitioner is held 'in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a) (emphasis added). A federal habeas court asks only whether a constitutional violation infected the trial.'"[26]  Since Bagby's factual sufficiency of the evidence claim does not invoke a federally protected right, Bagby cannot be granted relief on this claim and it should be dismissed.

Bagby alleges that the evidence at trial was "legally insufficient" to support his conviction for robbery. In determining an insufficiency claim, a federal habeas court must consider whether, viewing the evidence "in the light most favorable to the prosecution, *any* rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000). This inquiry must be conducted with "explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n.16; *Dupuy*, *supra*., and all credibility choices and conflicting inferences are to be resolved in favor of the verdict. *U.S. v. Cyprian,* 197 F.3d 736, 740 (5th Cir. 1999); *U.S. v. Nguyen*, 28 F.3d 477, 480 (5th Cir. 1994); see *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1989) ("we should not substitute our view of the evidence for that of the fact-finder"); *Cobb v. Wainwright*, 666 F.2d 966, 971 (5th Cir. 1982) ("the jury has the sole responsibility to judge the weight and credibility of the evidence"). The *Jackson* standard applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

---

[24]     *Clewis v. State*, 922 S.W.2d 126, 133-34 (Tex. Crim. App. 1996).

[25]     See generally, *Pemberton v. Collins*, 991 F.2d 1218, 1223-24 (5th Cir. 1993).

[26]     *Pemberton, supra* at 1222, citing *Sumner v. Mata*, 455 U.S. 591, 597 (1982)).

Finally, though the Texas state courts recognize a claim of factual sufficiency of the evidence, and distinguish such a claim from legal sufficiency of the evidence, it is solely a legal sufficiency claim that can be raised in this forum. *Pemberton*, *supra* at 1224.

In this case on direct appeal, the Court of Appeals found the evidence sufficient to support the conviction that Bagby committed robbery. The state appellate court discussed the state's evidence and concluded that it was sufficient to prove Bagby's guilt. In its opinion, the Court of Appeals summarized the testimony of Hamilton and Young, and discussed the alleged conflicts therein raised by Bagby, and concluded,

> "Viewed in the light most favorable to the verdict, a rational juror could find beyond a reasonable doubt that [Bagby] intentionally or knowingly threatened or placed James in fear of imminent bodily injury or death by attempting to run over him with an automobile. Therefore, we hold that the evidence is legally sufficient."[27]

With regard to the alleged conflicts in the testimony between Hamilton and Young, it was within the sole province of the jury as the finder of fact to assess the credibility of the witnesses and to choose among reasonable constructions of the evidence.[28] "It is the jury's 'unique role' to judge the credibility and evaluate the demeanor of witnesses and to decide how much weight should be given to their testimony." *U.S. v. Layne*, 43 F.3d 127, 130 (5th Cir.1995) (citing *U.S. v. Higdon*, 832 F.2d 312 (5th Cir. 1987))[29] A jury is not to be second-guessed by a reviewing court in its choice of which witnesses to believe.[30]

In this instance, the jury was the fact-finder and they weighed the credibility of the witnesses and resolved any conflict in the evidence against Bagby. Although the court may have been presented with conflicting evidence, the reconciliation of conflicts in the evidence is within the exclusive province

---

[27]    Memorandum Opinion of Court of Appeals, Exhibit A to Docket No. 46, p.6.

[28]    See *U.S. v. Green*, 180 F.3d 216, 220 (5th Cir.1999); *U.S. v. Monroe*, 178 F.3d 304, 307 (5th Cir.1999); *U.S. v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994).

[29]    Accord *U.S. v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998).

[30]    *Zuniga*, *supra* at 1260, citing *U.S. v. Jones*, 839 F.2d 1041, 1047 (5th Cir.1998)).

of the finder of fact.[31] On federal habeas review, "[a] federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts."[32] Moreover, "[t]he habeas corpus statute obliges federal judges to respect credibility determinations made by the trier of fact." *Pemberton*, at 1225 (citing *Sumner v. Mata*, 455 U.S. 591, 597 (1982)). Thus, giving due deference to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts,"[33] the evidence presented at Bagby's trial was enough to support his conviction for robbery. Accordingly, I find that Bagby is not entitled to relief on this ground.

Finally, Bagby complains that the investigating officer did not obtain any medical records of the victim' alleged injuries and none were introduced at the trial. To the extent that this complaint is directed toward some duty of an unnamed investigator, I find that there is no constitutional duty owed to an accused such as Bagby by an investigating officer to search for or locate exculpatory evidence. If this complaint is directed toward Bagby's trial counsel, this claim is unexhausted and barred. I find that Bagby is not entitled to federal relief on this ground.

## Motions for Hearing

Bagby has filed two Motions for Hearing requesting an evidentiary hearing. (Docket Nos. 39 and 40). To merit an evidentiary hearing in this Court, petitioner must structure his argument pursuant to the requirements outlined by the AEDPA. A habeas petitioner is entitled to an evidentiary hearing in federal court only if he alleges facts, which, if proven, would entitle him to habeas relief. 28 U.S.C. § 2254(e)(2); *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000). The Court has been able to determine

---

[31]   See *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986); *Allen v. State*, 899 S.W.2d 296, 300 (Tex. App.-Houston [14th Dist.] 1995, pet. granted on other grounds) (holding circumstantial evidence sufficient even though victim could not identify defendant in lineup or in court).

[32]   *Marler v. Blackburn*, 777 F.2d 1007, 1012 (5th Cir. 1985); accord *Maggio v. Fulford*, 462 U.S. 111, 113 (1983); *Scott v. Louisiana*, 934 F.2d 631, 634 (5th Cir. 1991); *Dunn v. Maggio*, 712 F.2d 998, 1001 (5th Cir. 1983).

[33]   *Pemberton, supra* at 1227 *(citing Jackson v. Virginia, supra* at 319.

the merits of petitioner's habeas claims on the basis of the record before it and concludes that there is no factual dispute, which if proven true, would entitle petitioner to federal habeas relief. Bagby is not entitled to an evidentiary hearing. Accordingly, I recommend to the District Court that these motions be denied as moot upon this Court's denial and dismissal of Bagby's Petition.

## RECOMMENDATIONS

Based upon my findings and for the reasons stated above, I recommend to the District Court that Bagby's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice. I further recommend that Bagby's Motions for Hearing be denied as moot.

## STANDARD INSTRUCTION TO LITIGANTS

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED, this 5th day of February, 2013.

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE